# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41140

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MARCO ANTONIO HERNANDEZ-PRADO,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-961-1

Before JOLLY, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

      Marco Antonio Hernandez-Prado pleaded guilty to illegally reentering this country following a deportation that was subsequent to an aggravated felony. He admitted at rearraignment that he had been convicted of Texas aggravated assault with a deadly weapon in April 2001. The district court classified this prior conviction as an aggravated felony under 8 U.S.C.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41140

§ 1326(b)(2),[1] which increased Hernandez-Prado's statutory maximum from two years to 20 years and affected his Guidelines calculation.[2]  *See* 8 U.S.C. § 1326(a), (b)(2).  Hernandez-Prado was ultimately sentenced to 72 months, five months below the suggested Guidelines range of 77 to 96 months.  He appeals, arguing that he was subject to the two-year maximum sentence set out in § 1326(a), and, because his 72-month sentence exceeds that maximum, the sentence is illegal.  We AFFIRM.

I.

Under 8 U.S.C. § 1326(a), an illegal-reentry defendant faces a maximum sentence of two years in prison.  That statutory maximum increases to 10 years for an illegal-reentry defendant whose prior removal was subsequent to a felony conviction, 8 U.S.C. § 1326(b)(1), and it increases to 20 years for an illegal-reentry defendant whose prior deportation was subsequent to an aggravated felony, 8 U.S.C. § 1326(b)(2).  Hernandez-Prado argues that his conviction for Texas aggravated assault with a deadly weapon was not an aggravated felony under § 1326(b)(2), and therefore his proper statutory maximum sentence was two years.

Hernandez-Prado's argument is unavailing.  Section 1326(b)(1) provides for a 10-year maximum prison term for defendants whose prior removal was subsequent to *any* felony conviction other than an aggravated felony. § 1326(b)(1).  We have previously found that a Texas conviction for aggravated

---

[1] The judgment in this case reflects that Hernandez-Prado was convicted under § 1326(b), but it does not identify any specific subsection.  However, the judgment describes the offense as illegal reentry following a prior deportation that was subsequent to the commission of an aggravated felony, and that description indicates that the conviction is under § 1326(b)(2).

[2] The PSR referred to the prior conviction as an aggravated felony and used it to apply a 16-level increase in Hernandez-Prado's offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and to assign him three criminal history points under U.S.S.G. § 4A1.1(a) and U.S.S.G. § 4A1.2(k)(1).  Hernandez-Prado does not challenge the application of the Guidelines in this appeal.

No. 16-41140

assault qualifies as a felony for purposes of § 1326(b)(1) as long as a term of imprisonment is imposed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367-69 (5th Cir. 2009). Hernandez-Prado was sentenced to serve five years in prison for his Texas aggravated assault conviction, which the parties agree could correctly be classified as a felony conviction for purposes of § 1326(b)(1). As the below-Guidelines 72-month sentence imposed upon Hernandez-Prado does not exceed the 10-year statutory maximum sentence applicable to an offense under § 1326(b)(1), his argument that he received an illegal sentence is without merit.

## II.

That Hernandez-Prado's sentence is legal, however, does not answer the question whether his conviction under § 1326(b)(2) was proper. To be convicted of illegal reentry under § 1326(b)(2), a defendant's removal must have been "subsequent to a conviction for commission of an aggravated felony." The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43) to include a "crime of violence" for which the term of imprisonment is at least one year. A crime of violence is defined in 18 U.S.C. § 16—under the "elements clause" of § 16(a) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," and under the now-invalid "residual clause" of § 16(b) as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(a)-(b); *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210-11 (2018) (finding that § 16(b), as incorporated into the Immigration and Nationality Act, is unconstitutionally vague). If Hernandez-Prado's sentence under § 1326(b)(2) rested solely on § 16(b), it is improper, and the conviction must be reformed to reflect that he was sentenced under § 1326(b)(1). *United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018). However, if the predicate

3

No. 16-41140

offense qualifies as a crime of violence under the elements clause of § 16(a), the judgment under § 1326(b)(2) is proper. *See United States v. Garrido*, 736 F. App'x 77, 78 (5th Cir. 2018).

Hernandez-Prado concedes that, at sentencing, he did not challenge the classification of his prior conviction as an aggravated felony.[3]   Because Hernandez-Prado did not raise this claim before the district court, we review for plain error.  *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018). To establish plain error, Hernandez-Prado must prove (1) some error or defect (2) that is clear or obvious (3) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If those elements are met, we have the discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (cleaned up).  Given the conflicting caselaw in our circuit, we cannot say that the district court plainly erred in classifying Hernandez-Prado's conviction for aggravated assault with a deadly weapon as a crime of violence.  *See United States v. Perez-de Leon*, No. 15-40761, 2018 WL 6118685, at *1-4 (5th Cir. Nov. 20, 2018) (identifying conflicting decisions).  The judgment of the district court is AFFIRMED.

---

[3] Though defense counsel at rearraignment reserved the right to contest the classification of Hernandez-Prado's prior conviction as an aggravated felony at sentencing, counsel did not raise any objection at sentencing and in fact conceded that Hernandez-Prado's prior conviction was an aggravated felony.  Hernandez-Prado was represented by different attorneys at rearraignment and sentencing.